UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES STEWART-BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEITH MCDONALD Internal Affairs Supervisor )<br>WVCF, Individual and Official Capacity, )<br>)<br>Defendant. ) | No. 2:18-cv-00438-JMS-MJD |

**ENTRY GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

**I.  Background**

Plaintiff James Stewart-Bey filed this civil rights action on September 27, 2018. Dkt. 1. At all relevant times, he has been incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). He filed a second amended complaint on January 17, 2019. Dkt. 10. The Court screened the second amended complaint and allowed First Amendment retaliation and denial of access claims brought against Keith McDonald to proceed. Dkt. 11. In the Entry of August 13, 2019, the Court dismissed the denial of access to the courts claim. Dkt. 34. In the Entry of November 1, 2019, the Court allowed Mr. Stewart-Bey to supplement his claim of retaliation against Mr. McDonald. Dkt. 41.

The defendant has moved for summary judgment and Mr. Stewart-Bey has not opposed the motion. For the reasons explained in this Entry, the defendant's unopposed motion for summary judgment, dkt. [48], must be **granted.**

1

## II. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, "the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a *genuine issue for trial*.'" *Cincinnati Life Inc. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

Mr. Stewart-Bey failed to respond to the defendant's motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Stewart-Bey has conceded the defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). Although *pro se* filings are

construed liberally, *pro se* litigants such as Mr. Stewart-Bey are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "pro se litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced"). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

### III. Discussion
#### A. Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Stewart-Bey as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Defendant McDonald is the Lead Investigator of the Office of Investigations and Intelligence ("OII") at Wabash Valley.

#### 1. Grievances

As of February 11, 2020, Mr. Stewart-Bey had filed 29 formal grievances during his term of incarceration in the Indiana Department of Correction (IDOC). Dkt. 48-1, ¶ 6; dkt. 48-2. Among those, he filed 10 formal grievances after he filed his original complaint and three more after he filed his supplemental complaint.

### 2. Mail Inspection

On June 18, 2018, an item of Mr. Stewart-Bey's outgoing mail was opened and inspected by mailroom staff at Wabash Valley. The item of outgoing mail was sealed prior to being placed in the mail bag for mailing.

Policy Number 02-01-103, Offender Correspondence, governs the proper submission, handling and treatment of an offender's outgoing mail, including legal mail. At that time, Jerricha Rae Meeks, Mr. Stewart-Bey's caseworker, did not inspect the item of outgoing mail before it was sealed. Dkts. 48-4; 48-7; 48-8.

In accordance with Policy Number 02-01-103, the item of outgoing mail, because it was submitted to the mailroom already sealed and without being inspected prior to being sealed, was subject to opening and inspection. Defendant McDonald did not personally open or inspect the item of outgoing mail. Dkt. 48-15 at ¶ 16. The outgoing mail was opened and inspected in compliance with policy and procedure. *Id.* at ¶ 15.

### 3. Urinalysis Screenings

In 2019, Mr. Stewart-Bey was subject to random urinalysis screening on March 21, May 15, and June 24 at Wabash Valley. Dkt. 48-13. During his term of incarceration in the IDOC through February 19, 2020, Mr. Stewart-Bey was screened by random urinalysis on 15 occasions, for cause or follow up on 3 occasions, and tested positive for cannabinoids once, on March 2, 2015. *Id*.

Offenders are selected for random urinalysis screening by the IDOC Central Office. A list of those selected is emailed to Warden Richard Brown who then emails the list to Randall Vanvleet with the OII who in turn distributes the list to the urinalysis coordinator at Wabash Valley. Dkt. 48-11; dkt. 48-15, ¶¶ 23-26. Mr. McDonald does not have any personal involvement

in this selection or dissemination process. Dkt. 48-11; dkt. 48-15, ¶¶ 23, 27. Since he received a copy of the amended complaint on January 28, 2019, Mr. McDonald has not requested or ordered any drug screening of Mr. Stewart-Bey. Dkt. 48-15, ¶ 28.

### B. Analysis

Mr. Stewart-Bey alleges that in June 2018, Keith McDonald opened outside Mr. Stewart-Bey's presence, and removed a document from, outgoing legal mail intended to be sent to the St. Joseph County Superior Court out of retaliation because Mr. Stewart-Bey had filed grievances against Mr. McDonald and other prison staff. Dkt. 10. He further alleges that after he filed this action, Mr. McDonald further retaliated against him by having prison officers give him urinalysis tests three months in a row, which is not random and has never happened before in his 19 years in prison. He alleges he has never had a "dirty" test. Dkt. 38 at 4.

To prevail on a First Amendment retaliation claim, a plaintiff must establish that "he engaged in protected First Amendment activity[,] …an adverse action was taken against him[,] … and his protected conduct was at least a motivating factor of the adverse action." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). To satisfy the "adverse action" component, a plaintiff must suffer a "deprivation that would likely deter First Amendment activity." *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017). If there is evidence that the adverse action was taken for more than one reason, the burden shifts to the defendants to show "they would have taken the same action even absent constitutionally protected activity." *Walker v. Groot*, 867 F.3d 799, 803 (7th Cir. 2017).

Defendant McDonald argues that Mr. Stewart-Bey's retaliation claims fail because he did not open the alleged legal mail or order any drug screens, Mr. Stewart-Bey was not deterred from

filing additional grievances, and Mr. Stewart-Bey has not shown that filing grievances was a motivating factor for the alleged actions that were taken.

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). The only evidence of record is that Mr. McDonald did not open Mr. Stewart-Bey's mail, nor did he participate in that process in any way. Mr. Stewart-Bey's allegation that Mr. McDonald removed a document from the envelope is wholly unsupported. Moreover, the reason the mail was opened was because contrary to IDOC policy, Mr. Stewart-Bey sealed the alleged legal mail outside the presence of his counselor. There is no evidence that Mr. McDonald opened any legal mail in retaliation for Mr. Stewart-Bey having filed grievances. Mr. McDonald is entitled to summary judgment on this claim.

Mr. Stewart-Bey's additional claim of retaliation is that Mr. McDonald ordered random drug screenings on him. The only evidence of record reflects that, again, Mr. McDonald did not participate in any decision to screen Mr. Stewart-Bey for drugs. Those decisions were made by IDOC Central Office.

Although persuasive, the Court need not discuss Mr. McDonald's contention that the opening of the legal mail or the drug screens were not deprivations likely to deter Mr. Stewart-Bey from filing grievances or otherwise exercising his First Amendment rights. This is because without Mr. McDonald's participation in the alleged retaliatory acts, whether the elements of a retaliation

claim are satisfied becomes irrelevant. Similarly, because Mr. McDonald did not participate in any retaliatory acts, the evidence of other prison staff having non-retaliatory reasons for the actions taken need not be further discussed. *See Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020) (courts grant "significant deference" to prison officials' non-retaliatory justification for actions taken in day-to-day prison management.).

## IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment. dkt. [48], is **granted.** All claims against Keith McDonald are **dismissed with prejudice.** Judgment consistent with this Entry, the Entry Screening Second Amended Complaint, dkt. [11], and the Entry Dismissing Denial of Access Claim, dkt. [34], shall now issue.

**IT IS SO ORDERED.**

Date: 4/21/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES STEWART-BEY
110604
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov